In the Matter of MENTAL HYGIENE EMPLOYEES ASSOCIATION, INC., et al., Appellants, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Respondents, and CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Intervenor-Respondent.

Third Department, February 11, 1982

APPEARANCES OF COUNSEL

*Whiteman, Osterman & Hanna (Joel L. Hodes* and *Melvin H. Osterman, Jr.,* of counsel), for appellants.

*Robert Abrams, Attorney-General (John Q. Driscoll, William J. Kogan* and *Shirley Adelson Siegel* of counsel), for respondents.

*Roemer & Featherstonhaugh (James D. Featherstonhaugh and Steven J. Wiley* of counsel), for intervenor-respondent.

### OPINION OF THE COURT

CASEY, J.

Pursuant to subdivision 2 of section 6-a of the State Finance Law,* the Comptroller, in October, 1964, began deducting dues from the biweekly paychecks of the employees of State agencies now known as the Office of Mental Health and the Office of Mental Retardation and Developmental disabilities who were members of petitioner Mental Hygiene Employees Association (petitioner). Since 1970, the Civil Service Employees Association (CSEA) has been the exclusive bargaining representative of State Employees in the bargaining units that include petitioner's members, and section 4.2 of the collective bargaining agreement between the State and CSEA provides: "CSEA shall have exclusive payroll deduction of membership dues and premiums for group insurance and mass-merchandized automobile and homeowners' insurance policies sponsored by CSEA for employees and no other employee organization shall be accorded any such payroll deduction privilege."

Based upon this provision, the President of CSEA notified the Director of Employee Relations of the State of New York (Director), by letter dated August 4, 1981, that petitioner's dues deduction privilege should be terminated. On August 10, 1981, the Director advised the Comptroller, in writing, to take the necessary steps to discontinue petitioner's dues deduction privilege, but before the Comptroller could comply, petitioner commenced this proceeding and obtained an order enjoining the Comptroller from acting pending its outcome. Thereafter, Special Term dismissed the petition and this appeal ensued.

■ Initially, we note that the statutory authority by which the Comptroller granted the dues check-off privilege to petitioner provides that "such deductions * * * *shall be terminated* * * * in accordance with the written directions of the director of employee relations, not more than thirty days after receipt by the comptroller of such directions"

---

* Now subdivision 2 of section 201 of the State Finance Law (L 1981, ch 405, § 30).

(State Finance Law, § 6-a, subd 2; emphasis added). Accordingly, since the statute vests no discretion in the Comptroller regarding the termination of a dues deduction privilege when he receives written directions from the Director, petitioner's arguments that the Comptroller failed to exercise his discretion or that he abused his discretion or that he should have held a hearing are irrelevant.

The relevant conduct to be reviewed in this case is that of the Director. Subdivision 2 of section 6-a of the State Finance Law, which creates the dues deduction privilege, specifically provides that such a privilege shall be subject to the provisions of article 14 of the Civil Service Law. Article 14 authorizes employee organizations, such as CSEA, to negotiate and enter into written agreements with public employers, such as the State, concerning the terms and conditions of employment of the employees represented by the organization (Civil Service Law, § 204). Accordingly, petitioner's dues deduction privilege was subject to the rights granted CSEA in its written agreement with the State. As noted above, section 4.2 of that agreement grants CSEA the exclusive privilege of dues deduction and prohibits such a privilege for any other "employee organization".

Since, as alleged in the answer, the Director was seeking to implement the terms of this provision when he advised the Comptroller to discontinue petitioner's dues deduction privilege (see Executive Law, § 654, subd [a]), the dispositive issue in this proceeding is whether there is a rational basis for the Director's determination, implicit in his actions, that petitioner was an "employee organization" within the meaning of section 4.2 of the collective bargaining agreement. Significantly, the parties to the agreement in effect when the Director acted, CSEA and the State, are of the view that petitioner is an "employee organization" within the meaning of section 4.2 of the agreement. Moreover, the record contains documents issued by petitioner over the years, including its certificate of incorporation, which establish that petitioner seeks to promote the interests of its members by improving the terms and conditions of their employment. Accordingly, we

find a rational basis for the Director's determination that petitioner is an "employee organization" within the meaning of section 4.2 of the agreement. While petitioner's evidence that when the language of section 4.2 was first inserted in an agreement between the State and CSEA, negotiated some 10 years before the agreement in issue, the parties did not intend to include petitioner as an "employee organization" might provide a rational basis for the Director to so conclude, it does not render irrational the Director's contrary determination. Further, the recent amendment to petitioner's constitution, which provides that petitioner is not an employee organization, is nothing more than a self-serving statement which has no bearing on the rationality of the Director's determination. Accordingly, the judgment of Special Term must be affirmed.

The judgment should be affirmed, without costs.

MAHONEY, P. J., SWEENEY, KANE and WEISS, JJ., concur.

Judgment affirmed, without costs.